CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 1 4 2015

JULIA C. DUDLEY, CLERK
BY: HMcOmoad
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

LAWRENCE TOWER TAYLOR,           )        Civil Action No. 7:15-cv-00171
    Plaintiff,                            )
                                            )
v.                                            )        **MEMORANDUM OPINION**
                                            )
COMMONWEALTH OF                    )
VIRGINIA, et al.,                          )        By:   **Hon. Jackson L. Kiser**
    Defendants.                          )               **Senior United States District Judge**

Lawrence T. Taylor, a Virginia inmate proceeding pro se, filed a civil rights complaint,
pursuant to 42 U.S.C. § 1983, naming as defendants the Commonwealth of Virginia, various
staff of the Virginia Department of Corrections ("VDOC"), a private corporation, and its
"Unnamed corporate officials." After reviewing Plaintiff's submissions, I dismiss the complaint
without prejudice for pursuing indisputably meritless legal theories.[1]

Plaintiff explains that JPay sells audiobooks to inmates via kiosks in VDOC facilities.
Plaintiff complains that JPay sells audiobooks of various parts of the Bible, not a complete Bible,
despite JPay's alleged "false/deceptive advertising" that JPay sells the Bible. Plaintiff admitted
in an earlier action, Taylor v. JPay, No. 7:14-cv-558, that he already had access to a written Bible
and wanted to buy an audiobook of the Bible to listen to and speak along  with while reading it.
Plaintiff argues that the fact he cannot buy a complete audiobook of the Bible constitutes

---

[1] I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails
to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).
The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a
legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke
v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S.
519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims
not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring);
Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151
(4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

false/deceptive advertising and violates the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

Plaintiff fails to establish that not being able to buy the entire Bible in audiobook format violates federal law or constitutes a substantial burden to his religious practice. Plaintiff has no entitlement to audiobooks, and pursuing First Amendment and RLUIPA claims based on an inability to receive a different format of a book he admittedly already possessed pursues an indisputably meritless legal theory. See, e.g., 42 U.S.C. § 2000cc-1(a); O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987). Even if, arguendo, the advertising was "false" or "deceptive," Plaintiff does not establish any federal right to be free from such advertising. Accordingly, the complaint is dismissed without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This 14th day of May, 2015.

Senior United States District Judge